IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| STEVEN A. DAVIS and STEVEN A. DAVIS, M.D., P.A. *Plaintiffs*, | § § § § | |
| v. | § § | CIVIL ACTION NO. 5:21-cv-00149 |
| PATRICIA DOUCET and JPMORGAN CHASE BANK, NATIONAL ASSOCIATION, *Defendants*. | § § § § § § § | |

### DEFENDANT'S NOTICE OF REMOVAL

Defendant, JPMorgan Chase Bank, N.A. ("Chase"), hereby gives notice of the removal of the state-court civil action described below on the basis of federal question jurisdiction. As grounds for the removal, Chase respectfully states the following:

### I. INTRODUCTION

1. On February 3, 2021, Plaintiffs Steven A. Davis and Steven A. Davis, M.D., P.A. ("Plaintiffs") filed Plaintiffs' Original Petition against Chase, numbered and styled as *Steven A. Davis and Steven A. Davis, M.D., P.A. v. Patricia Doucet and JPMorgan Chase Bank, National Association*, Cause No. 2021CI02185, in the 57th Judicial District Court of Bexar County, Texas (the "Complaint").

2. In the Complaint, Plaintiffs seek declaratory judgment, and allege negligence and violations of the Truth in Lending Act, 15 U.S.C. § 1601, *et seq* ("TILA"), against Chase. In addition, Plaintiffs assert a cause of action for breach of fiduciary duty against co-Defendant

Patricia Doucet ("Doucet").[1]   Plaintiffs seek damages over $100,000 but not more than $200,000.[2]

3. In accordance with 28 U.S.C. § 1446(a), copies of all process, pleadings, orders, and other papers filed in the state court action and obtained by Chase are attached hereto and marked as composite **Exhibit "A"** and incorporated herein by reference.

## II. TIMELINESS OF REMOVAL AND CONSENT OF PARTIES

4. Chase was served with citation of Plaintiff's Complaint on February 5, 2021. Therefore, pursuant to 28 U.S.C. § 1446(b)(1), this notice of removal is timely.[3]  Pursuant to the undersigned's review of the docket, as of the date of this removal and upon information and belief Chase states that co-Defendant Doucet has not been served and has not entered an appearance in the District Clerk of Bexar County, Texas.  Therefore, no consent of Doucet is required under 28 U.S.C. § 1446(b)(2)(A), as she has not been properly served as of the filing of this Notice of Removal.

## III. BASIS FOR REMOVAL – FEDERAL QUESTION JURISDICTION

5. Removal is proper because this case is a civil action involving a federal question over which this Court has original jurisdiction pursuant to 28 U.S.C. § 1331.  Plaintiff asserts a claim against Chase for violations of the Truth in Lending Act, a federal statute over which this Court has original jurisdiction pursuant to 15 U.S.C. § 1601.[4]

6. This Court has supplemental jurisdiction over Plaintiffs' state-law claims because there is a "common nucleus of operative fact" between Plaintiffs' federal and Texas state law

---

[1] *See* Complaint, ¶¶ 16-34.
[2] *Id* at ¶ 2.
[3] *See* 28 U.S.C. § 1446(b)(1). *See also Thompson v. Deutsche Bank Nat'l Tr. Co.*, 775 F.3d 298, 303 (5th Cir. 2014) (citing *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 347-48, 119 S.Ct. 1322, 143 L.Ed. 448 (1999) (the federal removal and jurisdiction statutes "clearly provide that a defendant's right to removal runs from the date on which it is formally served with process.").
[4] *See* Complaint, ¶¶ 26-30.

claims as set forth in the Complaint and, therefore, this Court's supplemental jurisdiction extends to Plaintiffs' Texas state law claims pursuant to 28 U.S.C. § 1367(a).[5]

## IV. VENUE

7. Venue for the removal is proper in the United States District Court for the Western District of Texas, San Antonio Division, because this district and division includes Bexar County, Texas, the location where the state court action is currently pending.[6]

## V. ADDITIONAL REQUIREMENTS

8. Written notice of removal will be provided to Plaintiffs and filed with the District Clerk of Bexar County, Texas.

9. This Notice of Removal is signed pursuant to Federal Rule of Civil Procedure 11.[7]

10. Plaintiffs demanded a jury trial in their Complaint.

11. In the event that Plaintiffs seek to remand this case, or the Court considers remand *sua sponte*, Chase respectfully requests the opportunity to submit such additional argument or evidence in support of removal as may be necessary.

For the above reasons, having satisfied the requirements for removal, Chase gives notice that Case No. 2021CI02185 originally filed in the 57th Judicial District Court of Bexar County, Texas, has been removed to this Court.

---

[5] *See Enochs v. Lamps Cnty.*, 641 F.3d 155, 158 (5th Cir. 2011) (discussing the power of the federal courts to exercise supplemental jurisdiction over state law claims under Section 1367(a)).
[6] 28 U.S.C. § 124(d)(4) (stating that the San Antonio Division of the Western District includes Bexar County).
[7] *See* 28 U.S.C. § 1446(a).

---

Respectfully submitted,

By: */s/ Frank J. Catalano*
    **GREGG D. STEVENS**
    State Bar No. 19182500
    **FRANK J. CATALANO**
    State Bar No. 24052991
    **MCGLINCHEY STAFFORD PLLC**
    Three Energy Square
    6688 North Central Expressway, Suite 400
    Dallas, Texas 75206
    Telephone: (214) 445-2445
    Facsimile: (214) 445-2450
    gstevens@mcglinchey.com
    fcatalano@mcglinchey.com

    ***ATTORNEYS FOR DEFENDANT***
    ***JPMORGAN CHASE BANK, N.A.***

## CERTIFICATE AND NOTICE OF FILING

I certify that on February 16, 2021, this Notice of Removal was sent to the District Clerk of Bexar County, Texas, and that written notice of filing of the Notice of Removal was served via eFile.TXCourts.Gov upon the attorney of record for Plaintiffs.

*/s/ Frank J. Catalano*
**FRANK J. CATALANO**

## CERTIFICATE OF SERVICE

I hereby certify that on February 16, 2021, a copy of the above and foregoing was filed electronically with the Clerk of Court using the CM/ECF system. Notice of this filing has been forwarded to all parties, by and through their attorneys of record by operation of the Court's electronic filing system.

*/s/ Frank J. Catalano*
**FRANK J. CATALANO**